CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

September 30, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRY K. OFORI,<br>Plaintiff, | ) ) | Civil Action No. 7:25-cv-00257 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| LESLIE J. FLEMING, *et al.*,<br>Defendants. | ) ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Terry K. Ofori, a Virginia inmate acting pro se, filed a 42 U.S.C. § 1983 action against several defendants in 2023. The action was originally filed on June 29, 2023, and docketed on July 5, 2023, (Original 398 Complaint) as case number 7:23-cv-398 (the 398 Case). The 398 Case was originally severed into a total of 16 cases. (Case No. 7:23-cv-398, Dkt. No. 10.) On September 4, 2024, however, Ofori filed an omnibus amended complaint in the 398 Case (Amended 398 Complaint). (Am. 398 Compl., Dkt. No. 1.) Thereafter, the court severed the Amended 398 Complaint into eight cases, including this one. (Mem. Op. & Order Severing ¶ 4, Dkt. No. 1-1.) On October 14, 2025, Ofori filed an amended complaint in this case (Operative Complaint). (Am. Compl., Dkt. No. 46.) The allegations in the Operative Complaint relate to access to legal resources, handling of mail, and retaliation for pursuing legal matters. (*Id.*) Ten of the fifteen defendants named in the Operative Complaint filed a motion to dismiss arguing, among other things, that Ofori's claims are time-barred. (Mot. Dismiss, Dkt. No. 49.)

I. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007). To withstand a motion to dismiss, a pleading "must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In applying the plausibility standard, the "court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023) (citation omitted). The court, however, "need not accept legal conclusions couched as facts or 'unwarranted inferences, unreasonable conclusions, or arguments.'" *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)). The court may determine the merits of a statute of limitations defense raised in a Rule 12(b)(6) motion when "all facts necessary to the affirmative defense clearly appear[] on the face of the complaint." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citation omitted). Because Ofori is pro se, the court must construe his pleadings liberally. *See Seabrook v. Driscoll*, 148 F.4th 264, 269 (4th Cir. 2025) (citation omitted).

## II. ANALYSIS

### A. The Statute of Limitations

Section 1983 does not contain an express statute of limitations. *Cooper v. City of Wheeling*, 169 F.4th 220, 223 (4th Cir. 2026). Instead, the statute of limitations for § 1983 claims is "governed by the forum state's personal injury statute of limitations." *Id.* at 224 (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). In Virginia, that statute is two years. Va. Code § 8.01-243(A); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991). Here, the allegations in the Operative Complaint relate to the defendants' conduct between 2002 and 2021. (*See* Am. Compl. ¶¶ 6–20, 22, 24.) The court divides these claims into two groups.

#### 1. Claim in Paragraphs 12 Through 14 of the Operative Complaint

Construing Ofori's pleadings liberally, as the court must, the claim outlined in paragraphs

12 through 14 of the Operative Complaint alleges that defendants Anderson, R.J. Cochrane, J. Combs, B.L. Hughes, Joseph B. Stallard, and R.D. Young not only prevented Ofori from obtaining legal assistance from the institutional attorney, Mr. J. Thadieus Harris, III, but also thwarted his efforts to exhaust administrative remedies. (*Id.* ¶¶ 12–14.)

Ofori alleges that "sometime in mid-May/July 2021," his request for complaint forms was denied. (*Id.* ¶ 14.) Reading this allegation liberally, the court concludes that until July 2021—when his request for complaint forms was denied—Ofori was attempting to exhaust administrative remedies. The Fourth Circuit has held that the statute of limitations is tolled for the period during which an incarcerated individual is pursuing the Prison Litigation Reform Act's required exhaustion of administrative remedies. *Battle v. Ledford*, 912 F.3d 708, 715 (4th Cir. 2019). Accordingly, for statute of limitations purposes, the court treats the cause of action underlying paragraphs 12 through 14 of the Operative Complaint as accruing in July 2021. In such circumstances, Ofori would have had until July 2023 to file his claim. As discussed *supra*, the Operative Complaint was not filed until 2025.

In their motion to dismiss, defendants suggest that "[a]t the earliest, the first operative complaint in this case was filed on May 17, 2024, which is the date [Ofori] signed the complaint." (Br. Supp. Mot. Dismiss 6, Dkt. No. 50.) If that is true, the claim in paragraphs 12 through 14 would be time-barred even if the Operative Complaint were to relate back to the Amended 398 Complaint. *See* Fed. R. Civ. P. 15(c)(1) (providing rule for when "[a]n amendment to a pleading relates back to the date of the original pleading"). The Original 398 Complaint, however, is treated as filed on June 29, 2023, when it was received by the prison mailroom. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule). Consequently, if the Operative Complaint relates back to the filing of the Original 398

Complaint, the claim raised by Ofori in paragraphs 12 through 14 would be timely. Defendants, however, did not brief whether the Operative Complaint relates back to that original filing. Accordingly, the court will deny without prejudice defendants' motion to dismiss with respect to the claim raised in paragraphs 12 through 14 of the Operative Complaint. Defendants may file a renewed motion to dismiss within 30 days of the entry of this order. If defendants choose to file such a renewed motion, they must address therein whether the Operative Complaint relates back to the Original 398 Complaint.[1]

**2. Other Claims**

The most recent allegations contained elsewhere in the Operative Complaint appear to have occurred in 2017. Accordingly, the latest the statute of limitations could have run on these claims is 2019. The Operative Complaint was filed in 2025. (*See* Amend. Compl.) Even if the court assumes that the Operative Complaint relates back to the Original 398 Complaint filed in June 2023, those claims are still time-barred.

[1] The other grounds raised by defendants in their motion to dismiss do not warrant dismissal of the claim raised in paragraphs 12 through 14 of the Operative Complaint. First, defendants argue that Ofori "fails to sufficiently attribute any conduct . . . to meet the personal involvement requirement of § 1983" for defendants Leslie J. Fleming, J.L. Brown, and C. Dotson. (Br. Supp. Mot. Dismiss 7.) None of those defendants are referred to in paragraphs 12 through 14. Second, defendants argue that Ofori fails to state a claim for denial of access to the courts. (Br. Supp. Mot. Dismiss 8–9.) As defendants see it, Ofori's "allegations go further than just alleging he has been denied access to the courts, but that access was denied as a result of how legal documents, primarily mail, were handled." (*Id.* at 8 (citing Am. Compl. ¶¶ 5(C), 5(D), 17–19).) Defendants reason that, because this court has previously held that "occasional incidents of mail mishandling do not rise to the level of a constitutional violation," Ofori has failed to state a claim for denial of access to the courts. (*Id.* (quoting *Ofori v. Clarke*, Case No. 7:20-cv-343, 2021 WL 4392956, at *5 (W.D. Va. Sept. 24, 2021), *aff'd*, 2023 WL 5624556 (4th Cir. Aug. 31, 2023) (per curiam)).) The claim in paragraphs 12 through 14, however, seems to allege a concerted effort to deprive Ofori of the institutional attorney's assistance. Defendants have not argued that such an allegation fails to state a claim. Third, defendants argue that Ofori fails to state a claim for breach of contract. (Br. Supp. Mot. Dismiss 9–10.) Paragraphs 12 through 14 plainly do not allege such a claim. Finally, defendants contend that they cannot be sued in their official capacities for monetary damages. (*Id.* at 10.) Although that is true, Ofori has expressly sued defendants in both their official and personal capacities. (Am. Compl. ¶ 4.) Thus, although the court will dismiss all claims for money damages against defendants in their official capacities, the rest of the claim in paragraphs 12 through 14 of the Operative Complaint will remain.

**B. Ofori's Previously Filed Case, No. 7:20-cv-345, Does Not Save the Present Case From Being Barred by the Statute of Limitations.**

According to Ofori, the limitations period should be tolled because he raised at least some of the claims raised in this lawsuit in a previous lawsuit (the 345 Case). (Opp'n to Mot. Dismiss 3–4, Dkt. No. 53 (citing Case No. 7:20-cv-345).) It is not necessary to dig into the procedural and substantive history of the 345 Case to tease out precisely which claims were brought, who each claim was brought against, and how the court ultimately ruled on each claim. Indeed, although some claims in the 345 Case were dismissed with prejudice and others without, the result is the same: all claims other than those in paragraphs 12 through 14 are now barred.

First, to the extent that any claims which Ofori now raises were dismissed without prejudice in the 345 Case, such dismissal "wiped out" the "tolling effect of the suit . . . and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 330 (4th Cir. 2012) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)); *see also Brown v. Clarke*, 1:23cv315 (CMH/WEF), 2024 WL 4486179, at *2 (E.D. Va. Sept. 13, 2024) (citing *Angles* and finding prisoner was not entitled to tolling of limitations period by earlier-filed action that was dismissed without prejudice). Thus, those claims are still time-barred.

Second, to the extent that any claims raised by Ofori in the 345 Case were dismissed with prejudice only to be re-raised in this case, those claims are barred by the law of preclusion. "Under the doctrine of *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)); *see also In re Tomlin*, 105 F.3d 933, 936–37 ("[D]ismissal of an action with prejudice is a complete adjudication of the

issues presented by the pleadings and is a bar to a further action between the parties.”).

Finally, to the extent that Ofori has brought any claims against the defendants now moving to dismiss that were not brought against them in the 345 Case, there is no basis for tolling.

## III. CONCLUSION AND ORDER

For these reasons, it is hereby ORDERED as follows:

1. Defendants’ motion to dismiss (Dkt. No. 49) is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART as to the claim in paragraphs 12 through 14. It is GRANTED insofar as the court DISMISSES all claims for money damages against defendants in their official capacities. It is otherwise DENIED WITHOUT PREJUDICE.
2. Defendants’ motion to dismiss (Dkt. No. 49) is GRANTED as to all other claims. Accordingly, plaintiff’s claims against defendants J.L. Brown, W. Todd Farris, Leslie J. Fleming, and Carl A. Manis are DISMISSED WITH PREJUDICE.

Defendants Anderson, R.J. Cochrane, J. Combs, B.L. Hughes, Joseph B. Stallard, and R.D. Young may file a renewed motion to dismiss within 30 days of entry of this order. Any such motion must address whether the Operative Complaint (Dkt. No. 46) relates back to the Original 398 Complaint (Case No. 7:23-cv-398, Dkt. No. 1).

The Clerk shall transmit a copy of this order to plaintiff and to all counsel of record.

Entered: September 30, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge